DIANE L. DEPEW, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Depew v. Commissioner
Docket No. 16112-85.
United States Tax Court
T.C. Memo 1988-48; 1988 Tax Ct. Memo LEXIS 42; 55 T.C.M. (CCH) 84; T.C.M. (RIA) 88048; February 11, 1988. Ronald J. Maciel, for the petitioner. Steven A. Wilson, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent *43 determined a deficiency of $ 17,483 in petitioner's Federal income taxes for 1981, and additions to tax of $ 874.15 under section 6653(a)(1), [1] 50 percent of the interest due on the underpayment under section 6653(a)(2), and $ 1,154.10 under section 6659. Respondent has now conceded that petitioner is not liable for any additions to tax under sections 6653(a)(1) or (a)(2), and the parties have agreed that, if petitioner is liable for the deficiency and the addition to tax under section 6659, she is also liable for additional interest under section 6621(c), formerly section 6621(d). The issue for decision are (1) whether petitioner filed a joint return for 1981 with her former husband and (2) if so, whether she is relieved of liability under the innocent spouse provisions of section 6013(e). FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation is incorporated in our findings by this reference. Petitioner was a resident of Visalia, California, at the time she filed her petition. Prior to and during 1981, petitioner was married to Robert *44 W. Depew (Mr. Depew). During 1981, they resided in Texas, a community property state. Petitioner was a housewife. For the years of their marriage, other than the year in issue, petitioner and Mr. Depew filed joint Federal income tax returns. They were divorced in 1984. On or about April 22, 1982, a 1981 Form 1040 joint Federal income tax return for Robert W. and Diane L. Depew was filed with the Internal Revenue Service. Although the return showed a signature of "Diane L Depew," petitioner did not personally sign that return. Petitioner, however, assumed that she had signed a joint return for 1981, and she intended to file a joint return with Mr. Depew for 1981. At the time she filed her petition on June 6, 1985, and until December 9, 1987, petitioner maintained in this proceeding that she had filed a joint return with Mr. Depew for 1981. Petitioner has never disavowed the Form 1040 filed for 1981 nor filed a separate return for that year. The Form 1040 filed for 1981 was a joint return of petitioner and Mr. Depew notwithstanding petitioner's failure to affix her signature to the return. On the joint return for 1981, petitioner and Mr. Depew claimed deductions and investment *45 tax credit relating to a master recording tax shelter. The deductions and credit were grossly erroneous, having no basis in fact or law, and resulted in a substantial understatement of tax on the return. OPINION At the time she filed her petition herein, petitioner alleged that she had filed a joint return with Mr. Depew for 1981 and was entitled to relief as an innocent spouse under section 6013(e). At the time of trial, on December 14, 1987, she testified that, in her attorney's office the week before, she had seen a copy of the signed return for 1981 and discovered that the signature purporting to be hers was not hers. She also testified, however, that she had always filed joint returns during her marriage, that she intended to file a joint return for 1981, and that she had assumed that she had signed the joint return for 1981. Petitioner contends that she is not liable for the deficiency in issue because (1) she was not a party to a joint return for 1981 or (2) she is a party to a joint return and is entitled to relief as an innocent spouse. The Court might well conclude that she has failed to satisfy her burden of proving either ground of relief. See Rule 142(a), Tax *46 Court Rules of Practice and Procedure. The evidence, however, is most reasonably interpreted as supporting a finding that she did file a joint return with Mr. Depew for 1981. See Heim v. Commissioner,251 F.2d 44 (8th Cir. 1958), affg. 27 T.C. 270 (1956); Estate of Campbell v. Commissioner,56 T.C. 1 (1971); Abrams v. Commissioner,53 T.C. 230 (1969). Section 6013(e) provides: (e) Spouse Relieved of Liability in Certain Cases. -- (1) In general. Under regulations prescribed by the Secretary, if -- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement. Then the other spouse shall be relieved of liability for *47 tax (including interest, penalties, and other amounts) for such taxable year to the extent that such liability is attributable to such substantial understatement.
We have found that the 1981 return was a joint return, and the parties have stipulated that there was a substantial understatement of tax on that return attributable to grossly erroneous items. Petitioner has, however, failed to prove that she satisfies the other requirements of that section. See generally Sonnenborn v. Commissioner,57 T.C. 373 (1971). Petitioner has failed to prove that the deductions and credit in issue were items of Mr. Depew alone. Section 6013(e)(1)(B). She testified that she had no financial records for 1981 or any documents relating to the investment, that she handled the household finances, and that her husband handled the business finances in 1981. She denied knowledge of transactions in a separate account for business dealings maintained by her husband. She also testified, however, that she was the vice president and secretary of a sales corporation operated by her husband. Petitioner's testimony is far too vague to persuade us that in 1981 she did not know or have *48 reason to know of the transaction giving rise to the understatement. Her denial in 1987 that she then had records concerning the transaction does not constitute direct evidence satisfying the requirements of section 6013(e)(1)(C). Petitioner denied receiving refunds of Federal income taxes as a result of the deductions and credit claimed on the 1981 return and carried back to earlier years. She has failed, however, to present any evidence from which we could conclude that it is inequitable to hold her liable for the deficiency in tax. See section 6013(e)(1)(D). Petitioner, therefore, has totally failed to prove that she is entitled to relief on any theory. Decision will be entered for the respondent, with the exception of the additions to tax under section 6653(a), conceded by respondent.
Footnotes
1. All section references are to the Internal Revenue Code as amended and in effect during the year in issue. ↩